UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TERRY C. SANDERS | CIVIL ACTION NO. 6:18-cv-00423 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| MICHAUD CONSTRUCTION GROUP, LLC | MAGISTRATE JUDGE HANNA |

**MEMORANDUM RULING**

Currently pending before the court is the motion to set aside default and permit the filing of responsive pleadings (Rec. Doc. 12), which was filed by the defendant, Michaud Construction Group, LLC. The motion is not opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is GRANTED.

**Background**

The plaintiff filed this lawsuit in March 2018, contending that his employer failed to properly pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. The defendant agreed to waive service, and the signed waiver of service form was filed in the record. (Rec. Doc. 7). When no responsive pleadings were timely filed, however, the plaintiff filed a motion for entry of default. (Rec. Doc. 8). On June 21, 2018, the Clerk of Court filed an entry of default. (Rec. Doc. 9). The next day, the defendant filed a motion to dismiss for failure to state a claim and for more definite statement of claims. (Rec. Doc. 10).

But that motion was deemed deficient because the only permissible response to the entry of default is a motion to set aside default. (Rec. Doc. 11). The defendant promptly filed a motion to set aside default (Rec. Doc. 12), which is now before the court for resolution.

## **Law and Analysis**

Rule 55 of the Federal Rules of Civil Procedure governs applications for default judgment. It states that a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."[1] However, the Fifth Circuit generally disfavors default judgments and favors resolving cases on their merits.[2] Consequently, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."[3] Even when a defendant is technically in default, a "party is not entitled to a default judgment as a matter of right."[4] This principle, however, is "counterbalanced by considerations of social goals, justice, and expediency, a

---

[1]  Fed. R. Civ. P. 55(a).

[2]  See, e.g., *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

[3]  *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

[4]  *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).

weighing process [that] lies largely within the domain of the trial judge's discretion."[5]  Therefore, the entry of a default judgment is committed to the discretion of the district court.[6]

A party is entitled to the entry of default by the clerk of court if the opposing party fails to plead or otherwise defend as required by law.[7]  This first step, entry of a default, is a ministerial matter performed by the clerk, and is a prerequisite to a later default judgment.  A default judgment may be entered by the clerk of court if the claim is for a sum certain or a sum that can be made certain by calculation, but in all other cases may be entered by the court on the motion of the plaintiff.[8]  In this case, the plaintiff has not prayed for the recovery of a sum certain or a calculable amount of damages nor has the plaintiff requested that a judgment of default be entered against the defendants.  However, the defendant has requested that the clerk's entry of default be set aside.

---

[5] *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)).

[6] *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

[7] Fed. R. Civ. P. 55(a).

[8] Fed. R. Civ. P. 55(b).

An entry of default may be set aside if the party seeking relief shows good cause.[9] The decision lies within the sound discretion of the district court,[10] and the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.[11] These factors are neither talismanic nor exclusive, and other factors may be considered,[12] including whether "the defendant acted expeditiously to correct the default."[13] Regardless of the specific factors considered, any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party.[14] Furthermore, "the requirement of good cause has generally been interpreted liberally,"[15] and in this case, this Court finds that there is good cause to set aside the clerk's entry of default.

---

[9] Fed. R. Civ. P. 55(c).

[10] *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985).

[11] *Lacy v. Sitel Corp.*, 227 F.3d at 292; *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992); *United States v. One Parcel of Real Property*, 763 F.2d at 183.

[12] *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d at 64; *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992).

[13] *Lacy v. Sitel Corp.*, 227 F.3d at 292; *In re Dierschke*, 975 F.2d at 184.

[14] *Chavers v. Hall*, 488 Fed. App'x 874, 878-79 (5th Cir. 2012).

[15] *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991)).

The defendant candidly admitted that the failure to timely respond to the complaint was due to an inadvertent error in calendaring the date on which responsive pleadings were due. (Rec. Doc. 12-1 at 4). Accordingly, the default was not willful or intentionally designed to delay the proceedings. At this early stage in the litigation, setting the default aside will not prejudice the plaintiff. This is particularly true since the defendant has potentially meritorious defenses. In particular, the defendant has suggested that it actually was not the plaintiff's employer at relevant times, and the plaintiff has filed a motion seeking to amend his complaint to identify another entity as the plaintiff's employer and the proper defendant in the lawsuit. Additionally, it is clear that the defendant meant to respond to the complaint in a timely fashion, as evidenced by the filing of a motion to dismiss on the day that the defendant erroneous thought to be the day when responsive pleadings were due. Further, the defendant acted expeditiously to cure the default, filing the motion to set aside the entry of default just five days after default was entered. These factors weigh heavily and unanimously in favor of setting aside the clerk's entry of default.

## **Conclusion**

Having found that all relevant factors favor setting aside the clerk of court's entry of default,

IT IS ORDERED that the defendant's motion to set aside default and permit the filing of responsive pleadings (Rec. Doc. 12) is GRANTED.

Signed at Lafayette, Louisiana, this 19th day of July 2018

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE